IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELTON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-CV-00490-CG-N |
| | ) | |
| VICTOR NISSAN, INC. a/k/a | ) | |
| VICTOR AUTOMOTIVE and | ) | |
| JERRY VICTOR, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendants VICTOR NISSAN, INC. and JERRY VICTOR submit this *Brief in Support
of Motion to Enforce Settlement Agreement*. As further demonstrated herein, Defendants
respectfully request that the Court enter an Order enforcing the settlement agreement executed
by Plaintiff Elton Johnson on Friday, June 21, 2012 and for any additional relief which this Court
deems appropriate.

**I.      Statement of Facts**

On June 28, 2011, Johnson filed a Complaint against his former employer, Victor Nissan,
Inc., and Jerry Victor, the owner of Victor Nissan, Inc. in the Circuit Court of Dallas County,
Alabama, which Defendants subsequently removed to this Court on August 26, 2011.  (Doc. 1).
Plaintiff has been represented by Danny W. Crenshaw during the entire time in which this action
has been pending before the Court, and he remains counsel of record as of this date.  Defendants
have at all times been represented by Kristin Taylor Parsons and Mac B. Greaves.

66977 v1

The parties mediated this matter on May 16, 2012.  At all times during the mediation, the parties were represented by and communicated through their respective counsel of record who were present at the mediation.  Though the mediation did not result in a resolution of Johnson's claims, the parties continued to engage in settlement discussions subsequent to the conclusion of the mediation through their counsel of record.

Ultimately, the parties - who were at all times represented by and communicated through their respective counsel of record - reached a compromise as to Johnson's claims.   In exchange for certain consideration, Johnson agreed to, *inter alia*, issue a retraction as to certain statements he had made to the public regarding Defendants, release claims against Defendants, and cause the instant action to be dismissed with prejudice.  This agreement is memorialized in the General Release and Settlement Agreement and the exhibits attached thereto, hereafter at times referred to as the "Settlement Agreement." *See General Release and Settlement Agreement at Exhibit A.* The terms and conditions of the written Settlement Agreement were approved by Danny Crenshaw, counsel for Johnson, and assented to, agreed to, and executed by Johnson on  June 21, 2012. *See Settlement Agreement at Exhibit A*.

The executed Settlement Agreement was sent by email by Mr. Crenshaw to Defendants' counsel on June 22, 2012.   See Mr. Crenshaw's cover email transmitting the Settlement Agreement to Defendants' counsel on June 22, 2012 as Exhibit B.  Mr. Crenshaw also sent the original executed Settlement Agreement to Defendants' counsel on June 25, 2012.  Defendant attaches Mr. Crenshaw's cover letter transmitting the Settlement Agreement as Exhibit C. Defendants submit that Mr. Crenshaw's email Exhibit B and letter Exhibit C convey an honest belief that the case had been settled.  There is no indication that Plaintiff  did not intend to honor his agreement.

Later in the day on June 25, 2012, Counsel for Defendants received notice from Mr. Crenshaw by telephone that Johnson no longer intended to consummate the terms of the settlement due to Johnson having changed his mind on his agreement to retract his statements about Defendants.  Johnson's disavowal of the settlement is over Mr. Crenshaw's objection to Johnson's intended course of action as reflected in his email on June 25, 2012 in which he stated that he did not agree with his client's actions.  *See Correspondence from Danny Crenshaw at Exhibit D.*

## II.      Argument

The Court "has the power to summarily enforce a settlement agreement entered into by litigants while the litigation is pending before the Court."  *Olive v. H. Counsel Trenholm State Technical College*, 2008 WL 4924730 *1, *2  (M.D. Ala., Nov. 17, 2008).   When considering whether that power should be exercised, the Court applies the general rules of contracts of the forum state to determine whether the parties have, in fact, reached an enforceable agreement. *See Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350  (11th Cir. 2000). Accordingly, Alabama contract law governs the enforceability of the settlement agreement at issue.

In Alabama, "valid settlement agreements are as binding on the parties as any other contract" and will not be "reopened" absent proof of fraud, accident, mistake, or duress.  *See Billy Barnes Enters., Inc. v. Williams*, 982 So. 2d 494, 498 (Ala. 2007).   To have an enforceable agreement, sufficient evidence that a meeting of the minds occurred between the parties as to the terms of the settlement must be apparent.  *See Harris v. Preskitt*, 911 So. 2d 8, 14 (Ala. Civ. App. 2005).   A meeting of the minds is generally evidenced by a party's execution of a

settlement agreement, and in fact, under certain circumstances, a settlement will be binding on a party even where the party has not executed a written settlement agreement. *See, e.g., Alabama Code* Section 34-2-21 (1975) ("Any attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such a case, made in writing, or by any entry to be made on the minutes of the court."); *Harris*, 911 So. at 14 (holding that where letters between the attorneys for the parties showed a meeting of the minds as to settlement of the claims of the parties, an enforceable settlement agreement arose, and the trial court could compel the plaintiff to execute a written settlement agreement).

A meeting of the minds between Johnson and Defendants is wholly evidenced by Johnson's execution of the General Release and Settlement Agreement and the exhibits attached thereto. (Exhibit A). Johnson was represented at all times during settlement discussions by his able counsel, Mr. Crenshaw, and all settlement communications between the parties were made through the parties' respective counsel. *See Olive*, 2008 WL 4924730 at *2 (noting that at all times the plaintiff was represented by counsel, her counsel was the only person who met with her to discuss the settlement agreement, and there was no evidence of duress; hence the settlement agreement was due to be enforced); *Allen v. Allen*, 903 So. 2d 835 (Ala. Civ. App. 2004) (holding that the plaintiff's attempt to revoke a settlement agreement was futile because he was represented during settlement negotiations by counsel, had adequate opportunity to negotiate the terms of the settlement, and was not subject to undue pressure to sign the agreement since the only person with whom he met to discuss the agreement was his own attorney). Johnson's intent to settle the matter is evidenced by his having voluntarily executed the General Release and Settlement Agreement, and there is no suggestion or assertion of fraud, accident, mistake, or duress by Defendants. *See, e.g., In re Porter*, 2008 WL 7842102 *1, *1 (Bkrtcy. N.D. Ga., Mar.

27, 2008) (enforcing a settlement agreement signed by the plaintiff, who was representing herself *pro se*, upon her admission that she had intended to settle the matter when she signed the settlement agreement).  In fact, the email letter from Mr. Crenshaw (Exhibit D) confirms that he does not agree with his client's actions, and there is no indication or allegation of fraud, accident, mistake or duress by anyone.  (See Exhibit D).  This conclusion is underscored by Exhibits B and C because there is no indication in this correspondence from Johnson's counsel that Johnson had a problem with the Settlement Agreement or that he did not intend to honor his agreement. Accordingly, the terms of the written Settlement Agreement between the parties are binding upon the parties and enforceable by this Court.

### III.    Conclusion

WHEREFORE Defendants Victor Nissan, Inc. and Jerry Victor respectfully move this Honorable Court to grant their *Motion to Enforce Settlement Agreement* and enter an Order enforcing the Settlement Agreement executed by Plaintiff Elton Johnson on June 21, 2012 and for any additional relief which this Court deems appropriate.

Respectfully submitted,

/s/ Mac B. Greaves
MAC B. GREAVES
KRISTIN TAYLOR PARSONS
Attorneys for Defendants

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

BURR & FORMAN LLP
RSA Tower, Suite 22200
11 North Water Street
Mobile, Alabama 36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon Counsel as provided below, via CM/ECF on this the 27th day of June, 2012:

Danny Crenshaw
Crenshaw Law and Associates
1425 J L Chestnut Jr. Blvd
Selma, AL 36703-0000

*/s/ Mac B. Greaves*
OF COUNSEL

66977 v1