IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ELTON L. JOHNSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 11-490-CG-N |
| VICTOR NISSAN, INC., a/k/a Victor Automotive, and JERRY VICTOR, | ) | |
| Defendants | ) | |

## ORDER

This matter is before the court on defendants' motion to enforce settlement agreement (Doc. 19), plaintiff's opposition thereto, filed as a motion to deny enforcement of retraction letter (Doc. 27), and defendants' reply (Doc. 28). For the reasons explained below, the court finds that defendants' motion should be granted.

## BACKGROUND

On June 28, 2011, Johnson filed a complaint against Victor Nissan, Inc., and Jerry Victor asserting claims for (1) discrimination in employment on the basis of race, (2) wrongful termination of employment, (3) retaliation, and (4) breach of contract. (Doc. 1-2). Plaintiff was represented by counsel throughout the case, until his attorney, Danny W. Crenshaw moved to withdraw on June 28, 2012 and that motion was granted by the court. (Docs. 24, 26). The parties agreed to settle the claims and

plaintiff signed a General Release and Waiver Agreement on June 21, 2012. (Doc. 20-1).  In the agreement, the parties agreed that in exchange for payment of a sum of money, plaintiff would release his claims against the defendants and would issue a retraction of certain prior statements he made regarding the defendants.   With regard to the retraction, the agreement states the following:

> 9.     Although Releasor understands that he must comply with the terms and conditions of paragraph 8, he also agrees that he will publish the one page document that is attached to this General Release and Settlement Agreement as Exhibit A, which constitutes a retraction of a previous letter that he published and distributed to pastors and churches in Dallas County, which is attached as Exhibit B.  This 4-page document (Exhibit B) contains the names of the pastors and churches to whom said retraction (Exhibit A) will be sent by U.S. mail by his attorney of record, Danny Crenshaw.  Said letter (Exhibit A) will be mailed to the individuals listed in Exhibit B within 14 days of the date of the execution of this General Release and Waiver Agreement.

(Doc. 20-1, pp. 6-7).  Plaintiff's attorney emailed the signed agreement to defendants' counsel on June 22, 2012 and sent the original signed document to defendants' counsel on June 25, 2012. (Docs. 20-2, 20-3). Later on June 25, 2012, Mr. Crenshaw notified defense counsel that plaintiff had changed his mind about the settlement.  Plaintiff states that he has a problem with sending the retraction letter, contending that it is full of lies and that his attorney, Mr. Crenshaw, misled him about the necessity of issuing a retraction letter.  According to plaintiff, his attorney proposed the retraction without discussing it with him first.  The plaintiff pleads for the mercy of the court, and asks that he not be required to send out the retraction letter.

## DISCUSSION

"A district court ordinarily has the power to enforce a settlement agreement entered into by litigants while litigation is pending before the Court." Hogan v. Allstate Beverage Co., Inc., 821 F.Supp.2d 1274, 1278 (M.D. Ala. 2011) (citing Massachusetts Cas. Ins. Co. v. Forman, 469 F.2d 259, 260 (5th Cir.1972) (per curiam)). " '[C]onstruction and enforcement of settlement agreements [are] governed by principles of state law applicable to contracts generally.' " Burke v. Smith, 252 F.3d 1260, 1266 (11th Cir. 2001) (citation omitted).

In Alabama, "valid settlement agreements are as binding on the parties as any other contract" and will not be "reopened" absent proof of fraud, accident, mistake, or duress. See Billy Barnes Enters, Inc. v. Williams, 982 So. 2d 494, 498-499 (Ala. 2007) (citations omitted). To have an enforceable agreement, sufficient evidence that a meeting of the minds occurred between the parties as to the terms of the settlement must be apparent. See Harris v. Preskitt, 911 So. 2d 8, 14 (Ala. Civ. App. 2005). A meeting of the minds is generally evidenced by a party's execution of a settlement agreement, and in fact, under certain circumstances, a settlement will be binding on a party even where the party has not executed a written settlement agreement. See, e.g., ALA. CODE § 34-2-21 (1975) ("Any attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such a case, made in writing, or by any entry to be made on the minutes of the court."); Harris, 911 So. at 14 (holding

3

that where letters between the attorneys for the parties showed a meeting of the minds as to settlement of the claims of the parties, an enforceable settlement agreement arose, and the trial court could compel the plaintiff to execute a written settlement agreement).

Here, the defendants have provided the court with copies of an executed settlement agreement and waiver and plaintiff does not deny signing the document. Instead, defendant contends that he was misled by his own attorney. According to plaintiff, his attorney led him to believe that he would have to issue a retraction letter if he wanted to settle his claims, but it was reportedly his own attorney that suggested the retraction letter. Although plaintiff feels he was misled, defendants may not have agreed to settle for the sum offered if the retraction letter had not been included. Moreover, plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash Railroad Co., 370 U.S. 626, 633-634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); see also Barger v. City of Cartersville, 348 F.3d 1289, 1295 (11th Cir.2003) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." (quoting Link supra)). Plaintiff executed the General Release and Waiver Agreement with full knowledge that in doing so he was agreeing to mail a copy of the retraction letter to the pastors and churches listed in the attached document.

Plaintiff has not alleged that defendants or their counsel engaged in any fraudulent or inappropriate conduct during their negotiation of the terms of the settlement. Accordingly, the court finds that plaintiff has failed to offer a valid justification for invalidating the agreement he executed.  See Billy Barnes, supra (stating that "settlement agreements may be reopened for reasons of fraud, accident, or mistake" (citations omitted)); Nelson v. Estate of Nelson, 53 So.3d 922, 930 (Ala. Civ. App. 2010) (finding agreement binding where plaintiff did "not allege that fraud or duress was involved in the execution of the agreement or that she was in any way prevented from seeking legal counsel."); Brown v. Brown, 26 So.3d 1210, 1214 (Ala. Civ. App. 2007), aff'd, 26 So.3d 1222 (Ala. 2009) ("in the absence of fraud or misrepresentation, a party is bound by the terms of a contract, even if he fails to read it. The law is equally clear that ordinarily when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby." (quoting Power Equip. Co. v. First Alabama Bank, 585 So.2d 1291, 1296 (Ala.1991))).

## CONCLUSION

For the reasons stated above, defendants' motion to enforce settlement agreement (Doc. 19), is **GRANTED** and plaintiff is hereby **ORDERED** to comply with all of the terms of the General Release and Waiver Agreement including his

agreement to mail the agreed retraction letter to the pastors and churches listed in Exhibit B of the General Release and Waiver Agreement.

**DONE and ORDERED** this 31st day of August, 2012.


/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE